UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TSCHER MANCK,<br><br>    Plaintiff,<br><br>    v.<br><br>KANSAS ATTORNEY GENERAL, et al,<br><br>    Defendants. | Case No. 25-cv-2742-EFM-TJJ |

## NOTICE AND ORDER TO SHOW CAUSE

**TO THE PLAINTIFF:**

Plaintiff commenced this action *pro se* on December 15, 2025, by filing an "Emergency Motion for Temporary Restraining Order and Order to Show Cause" (ECF No. 2). Plaintiff also filed a Motion to Proceed without Prepayment of Fees (*in forma pauperis*) ("IFP motion") (ECF No. 3). However, due to his failure to attach the required Affidavit of Financial Status,[1] the Court was unable to substantiate his assertion that he is unable to pay the fees and costs of this case because of his financial status. The Court ordered Plaintiff to either (1) file a renewed IFP motion and attach his financial affidavit thereto or (2) pay the court filing fee by January 23, 2026.[2]

---

[1] *See* 28 U.S.C. § 1915(a)(1) (requiring the submission of a financial affidavit in order to proceed *in forma pauperis*). A form Affidavit of Financial Status is available on the Court's website at https://www.ksd.uscourts.gov/court-appointedself-representation-forms.

[2] *See* Dec. 23, 2025 Text Order (ECF No. 4). A Notice of Electronic Filing (NEF) of the Text Order was emailed to Plaintiff at the email address he registered for electronic notification. A paper copy of the Text Order was also mailed to Plaintiff.

Federal Rule of Civil Procedure 41(b) provides for the involuntary dismissal of a case if the plaintiff fails to prosecute or to comply with the Federal Rules or a court order. To date, Plaintiff has failed to file a renewed IFP motion with completed financial affidavit, pay the statutory district court filing fee required by 28 U.S.C. § 1914, or otherwise respond to the Court's Order by the January 23, 2026 deadline.

In addition to failing to comply with the Court's order, Plaintiff has also failed to actually file a complaint to commence this action. Instead, Plaintiff filed a checklist-style document titled "Cover Sheet" (ECF No. 1), which includes no alleged facts to support his requests for relief. Nineteen exhibits are attached to the Cover Sheet but none of them are titled as a Complaint or can even be construed as a complaint.

The Federal Rules of Civil Procedure make clear that *only* a properly-filed "complaint" can commence a civil action.[3] Rule 3 governs commencement of an action and states "[a] civil action is commenced by filing a complaint with the court."[4] Rule 10 sets forth the requirements for a complaint. It provides "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties."[5] Rule 8(a)(2) requires the complaint contain a "short and plain statement of the claim showing the pleader is entitled to relief." In the absence of the filing of a complaint, Plaintiff cannot proceed with this

---

[3] *Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) (emphasis in original).

[4] Fed. R. Civ. P. 3.  See also Fed. R. Civ. P. 3 advisory committee's note to 1937 adoption ("This rule provides that the first step in an action is the filing of the complaint.").

[5] Fed. R. Civ. P. 10(a).

action.[6] Plaintiff is therefore ordered to show cause in writing why this case should be dismissed for failure to file a proper complaint commencing this action.

**IT IS THEREFORE ORDERED** that Plaintiff shall show cause in writing to the District Judge on or before **March 2, 2026**, why this case should not be dismissed for failure to file a proper complaint and for lack of prosecution under Fed. R. Civ. P. 41(b) and/or failure to file a renewed IFP motion or pay the required filing fee. Plaintiff may alternatively file a complaint that complies with Fed. R. Civ. P. 7(a) and 8(a)(2) **and** file a renewed IFP motion with completed financial affidavit (or pay the filing fee) by **March 2, 2026.** **Plaintiff is warned that failure to act by this new deadline may result in this case being dismissed under Rule 41(b) without further notice.**

A copy of this Notice and Order to Show Cause will be mailed to Plaintiff and sent via electronic notification to his registered email address.

**IT IS SO ORDERED.**

Dated February 9, 2026, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[6] *See United States v. Stacy,* 156 F.4th 994, 1009 n.13 (10th Cir. 2025) ("[A] freestanding motion for relief cannot commence a civil action.") (citing *Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007)). *See also Maldonado v. BOP Transp. Officers*, No. CIV-25-0025-SLP, 2025 WL 1134458, at *1 (W.D. Okla. Apr. 16, 2025) (dismissing pro se plaintiff's case for failure to file a complaint).

.